UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERALD PROPHETE,

        Plaintiff,

  - against -

OFFICE OF THE STATE COMPTROLLER
OFFICE OF UNCLAIMED FUNDS,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-1214 (RRM)(JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Gerald Prophete brings this *pro se* complaint against the New York State Office of the State Comptroller Office of Unclaimed Funds. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reason set forth below, the action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).[1]

## DISCUSSION

Plaintiff alleges that he filed a claim with the Office of Unclaimed Funds for unclaimed funds identified under account number 007710406.[2] (*See* Compl. (Doc. No. 1) at 1.) That office responded with a letter indicating that the specified account "ha[d] information indicating that this property belongs to a different Gerald Prophete." (*Id.*, Ex. F-06.) In response, plaintiff filed this action. Plaintiff states, however, that he seeks no remedy beyond a "better inquiry" by defendant "for future reference." (*See* Compl. at ¶ IV.) This fails to state a claim for relief.

---

[1] The Court is mindful that a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Generally, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court should grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Under the *in forma pauperis* statute, however, the Court must dismiss the complaint or any portion thereof that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] The complaint in this case is nearly identical to the complaint filed by plaintiff on February 26, 2013. (*See* Docket No. 13-CV-1057 (RRM)(JO).) That action was dismissed on March 1, 2013. (*Id.*) The only difference here is that plaintiff now alleges that he provided defendant with his identification and Social Security card and plaintiff no longer seeks damages. (*See* Compl at 1, Ex. A-01.)

Moreover, even if a "better inquiry" were construed as a request for injunctive relief, plaintiff's complaint fails to suggest a proper basis for federal subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). This obligation is independent of a challenge by any party. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

## CONCLUSION

For the forgoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case and to mail a copy of this Order and the accompanying judgment to plaintiff *pro se*.

SO ORDERED.

Dated: Brooklyn, New York
      March 18, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] The Court declines to exercise supplemental jurisdiction over any state law causes of action that may have been asserted in the complaint, and offers no opinion on any such claims.